# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

DENNIS MARTIN, )
)
      Petitioner, )
)
v. ) Case No. CIV 18-134-JHP-KEW
)
CARL BEAR, Warden, )
)
      Respondent. )

## OPINION AND ORDER

This action is before the Court on Respondent's motion to dismiss Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 as barred by the statute of limitations (Dkt. 7). Petitioner is a pro se prisoner in the custody of the Oklahoma Department of Corrections who is incarcerated at Joseph Harp Correctional Center in Lexington, Oklahoma. He is attacking his conviction in Sequoyah County District Court Case No. CRF-84-169 for First Degree Murder. The petition raises one ground for relief, although it appears to include two separate claims:

> U.S. Dist. Court, Western Dist. Of Okla., in *Martin v. Bear*, CIV-18-095-D <u>found</u> claims true, ordered they be brought <u>in</u> 2254. There is no record of any arrest, charges, information, indictment, trial, conviction <u>or</u> sentencing, and no judgment <u>and</u> sentencing order. Petitioner <u>is</u> Indian--Sequoyah County <u>is</u> Indian Country, Indian Territory, Indian Land, inside an Indian Reservation <u>by</u> <u>Act of Congress</u> of 6/7/1887 (30 Stat. L. 83).[1]

(Dkt. 1 at 5) (emphasis in original).

**Statute of Limitations**

Respondent alleges the petition was filed beyond the one-year statute of limitations imposed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), codified

---

[1] Petitioner's habeas corpus petition pursuant to 28 U.S.C. § 2241 in *Martin v. State*, No. CIV-18-95-D (W.D. Okla. Apr. 4, 2018), was summarily dismissed without prejudice for failure to state a claim cognizable under § 2241.

at 28 U.S.C. § 2244(d), and the petition includes unexhausted claims. The following dates are pertinent to the motion to dismiss:

> **November 16, 1984:** Petitioner was charged with Count 1, Murder in the First Degree of a seven-year-old child, and Count 2, Sodomy with the same child in Sequoyah County District Court Case No. CRF-1984-169 (Dkt. 8-1, Information in Sequoyah County Case No. CRF-1984-169).
>
> **April 25, 1985:** Petitioner entered a guilty plea to Count 1, Murder in the First Degree, and was sentenced to a term of life imprisonment (Dkt. 8-2, Judgment and Sentence on Plea of Guilty, Felony in Sequoyah County Case No. CRF-1984-169).[2]
>
> **April 24, 1996:** Petitioner's one-year period to file a petition for writ of habeas corpus began to run on the day the AEDPA took effect, because Petitioner's conviction was final before enactment of the AEDPA.
>
> **April 24, 1997:** Petitioner's one-year limitation period to file a petition for writ of habeas corpus expired under the AEDPA.
>
> **October 9, 2014:** Petitioner filed a petition for writ of habeas corpus pursuant to Okla. Stat. tit. 12, § 1334, in the Cleveland County District Court, which was denied on June 9, 2015 (Dkt. 8-3, Docket Sheet, Cleveland County Case No. WH-2014-8).[3]
>
> **July 2015**: Petitioner filed an application for post-conviction relief in the Sequoyah County District Court (Dkt. 8-4 at 2, Docket Sheet, Sequoyah County Case No. CRF-1984-169).
>
> **April 28, 2016:** The Oklahoma Court of Criminal Appeals (OCCA) affirmed the denial of Petitioner's post-conviction application in Case No. PC-2015-1114 (Dkt. 8-5, Order Affirming Denial of Post-Conviction Relief).

Section 2244(d) provides that:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

(A) the date on which the judgment became final by the conclusion of direct

---

[2] The existence of the Information and the Judgment and Sentence on Plea of Guilty completely refutes Petitioner's claim that there is no record of his crime.

[3] Petitioner filed subsequent habeas corpus petitions in Cleveland County District Court Case Nos. WH-2015-24, WH-2016-9, and WH-2018-3, however, each of the subsequent petitions was denied.

> review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Pursuant to 28 U.S.C. § 2244(d)(2), the statute of limitations is tolled while a properly-filed application for post-conviction relief or other collateral review of the judgment at issue is pending. Petitioner did not initiate his post-conviction proceedings until October 9, 2014, after expiration of the limitation period, so there is no statutory tolling. *See May v. Workman*, 339 F.3d 1236, 1237 (10th Cir. 2003) (noting that AEDPA's one-year period "is tolled or suspended during the pendency of a state application for post-conviction relief properly filed *during* the limitations period" (emphasis added) (citing 28 U.S.C. § 2244(d)(2)).

In his response to the motion to dismiss, Petitioner apparently argues he is entitled to equitable tolling (Dkt. 9). The basis for this claim is that he is mentally disabled and unable to discover claims, and he is illiterate and unable to access the courts. Petitioner carries the burden of establishing equitable tolling. *Yang v. Archuleta*, 525 F.3d 925, 929 (10th Cir. 2008). Generally, equitable tolling requires a litigant to establish two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood

in his way." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (citation omitted).

> Allegations of mental incompetence alone . . . are generally insufficient to warrant equitable tolling. *See Reupert v. Workman*, 45 F. App'x 852, 854 (10th Cir. 2002). "Equitable tolling of a limitations period based on mental incapacity is warranted only in 'exceptional circumstances' that may include an adjudication of incompetence, institutionalization for mental incapacity, or evidence that the individual is not 'capable of pursuing his own claim' because of mental incapacity." *Id*. (quoting *Biester v. Midwest Health Serv., Inc.*, 77 F.3d 1264, 1268 (10th Cir. 1996)).

*Wiegand v. Zavares*, 320 F. App'x 837, 839 (10th Cir. 2009).

Further, "[a] claim of insufficient access to relevant law . . . is not enough to support equitable tolling," *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (citing *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998)). The Court, therefore, concludes Petitioner is not entitled to equitable tolling.

To the extent Petitioner has raised a claim related to the Tenth Circuit Court of Appeals decision concerning Indian Country in *Murphy v. Royal*, 866 F.3d 1164 (10th Cir. 2017), *modified on denial of reh'g en banc*, 875 F.3d 896 (10th Cir. 2017), *cert. granted*, 138 S.Ct. 2026 (2018), this claim also is time barred. As shown below, Petitioner was aware of the factual basis of this claim before the Tenth Circuit entered its *Murphy* decision. Also as discussed below, the Indian Country claim is unexhausted at this time.

**Indian Country Claim**

Petitioner alleges he is an Indian, and Sequoyah County is Indian Country within an Indian reservation. (Dkt. 1 at 5). It appears from the record that Petitioner first raised this issue in a pleading titled "New Supplemental Post-Conviction" filed in Sequoyah County District Court on June 2, 2017. (Dkt. 8-6, New Supplemental Post-Conviction). In Claim Two of the document, he alleged "Doctrine of Res Judicata/Collateral Estoppel Barred Trial Court of Jurisdiction." *Id*. at 1. Petitioner explained the claim as follows:

> The aledged [sic] crime took place in "Indian-Country" on Indian land, by an

4

> Indian, depriving trial court of jurisdiction. In *Cravatt v. State*, CRF-85-73, trial judge denied this claim but the Criminal Appeals Court reversed and vacated the murder conviction because trial court lacked jurisdiction over Indians in "Indian-Country" whether it was on Indian Land, or not.
> See [*Cravatt*], 825 P.2d 277 (1992).
> 18 U.S.C. § 1153
> 18 U.S.C. § 1151
> The Choctaw and Chickasaw Indian Nations filed Amicus Curiae briefs and the Criminal Appeals Court agreed with them, holding the doctrine of Res Judicata/Colaterial [sic] Estoppel, required the dismissal of charges for lack of trial courts [sic] jurisdiction over Indians in Indian Country . . . .

(Dkt. 8-6 at 1-2) (emphasis in original).

On October 6, 2017, the Sequoyah County District Court denied Petitioner's supplemental post-conviction application, making the following factual findings:

> The Court finds that the Defendant has failed to provide any legal or factual basis for seeking post-conviction relief. Further, the Defendant has failed to establish any grounds for relief that he has not previously raised on appeal or on previous post-conviction relief petitions or that could have been raised on direct appeal.

(Dkt. 8-7, Order Denying Post-Conviction Relief, Case No. CRF-1984-169).

Petitioner appealed the denial of post-conviction relief to the OCCA, which entered an Order Declining Jurisdiction on December 4, 2017, based on Petitioner's failure to file the appeal within 30 days of the filing of the District Court's final order, pursuant to Rule 5.2(C)(2), *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch. 18, App. (2017). The OCCA also advised Petitioner, "If Petitioner feels he has been denied a post-conviction appeal through no fault of his own, he may seek the appropriate relief with the District Court. *See* Rule 2.1(E)(3), *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch. 18, App. (2017)." (Dkt 8-8, OCCA Order Declining Jurisdiction, Case No. PC-2017-1133).

It appears from the record that instead of seeking an appeal out of time, Petitioner filed an Amended Supplemental Post-Conviction Application on New Law and Evidence in the Sequoyah County District Court, alleging, among other claims, "Petitioner is Indian and

5

State Court Lacked Jurisdiction."  (Dkt. 8- 9, Amended Supplemental Post-Conviction Application on New Law and Evidence, Sequoyah County Case No. CRF-84-169). The pleading expressly cites *Murphy* and asserts:

> Professors of law <u>at</u> Georgetown, Harvard, Texas, <u>and</u> Arizona Universitys [sic], researched and discovered that <u>all</u> "Hispanic" people <u>are</u> part Indian <u>and</u> Spanish, <u>therefore</u>, *Murphy v. Royal*, 866 F.3d 1164 (10th Circuit 8/8/2017) applies to them <u>and</u> either deprived state court of jurisdiction, <u>or</u> entitles <u>this</u> Petitioner to <u>immediate</u> 2241 federal habeas corpus (or 12 O.S. §§ 1333/1334) release.

(Dkt. 8-9 at 1).

Respondent points out that Petitioner raised a claim concerning the facts that he is an Indian and that his crime occurred in Indian Country in the pleading filed on June 2, 2017, more than two months before the Tenth Circuit's initial decision in *Murphy*. Respondent further argues th 866 F.3d 1164 at Petitioner's repeated reliance in state court on the February 18, 1992, *Cravatt* decision alters the analysis for the statute of limitations. Therefore, Petitioner's claim concerning Indian Country was available to him when the *Cravatt* decision was issued, and this habeas claim could have been discovered more than 27 years ago. Therefore, the Indian County claim also is time barred.

In the alternative, Respondent alleges the Indian Country claim is unexhausted, because Petitioner has not yet properly presented the claim to the OCCA. He did not seek an appeal out of time for the Court's Order Declining Jurisdiction in Case No. PC-2017-1133. Instead, Petitioner filed what is essentially a new post-conviction application in the district court on May 10, 2018, alleging the same claim, only in more detail. (Dkt. 8-4, Docket Sheet, Sequoyah County Case No. CRF-1984-169). Petitioner has not advised the Court of a ruling on the application, and it is unclear from the online docket sheet for the case

6

whether the application still is pending. See www.oscn.net.[4]

"A threshold question that must be addressed in every habeas case is that of exhaustion." *Harris v. Champion*, 15 F.3d 1538, 1554 (10th Cir. 1994). The court must dismiss a state prisoner's habeas petition if he has not exhausted the available state court remedies as to his federal claims. *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991). In federal habeas corpus actions, the petitioner bears the burden of showing he has exhausted his state court remedies as required by 28 U.S.C. § 2254(b). *See Clonce v. Presley*, 640 F.2d 271, 273 (10th Cir. 1981); *Bond v. Oklahoma*, 546 F.2d 1369, 1377 (10th Cir. 1976). To satisfy the exhaustion requirement, a claim must be presented to the State's highest court through a direct appeal or a post-conviction proceeding. *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). Under the doctrine of comity, a federal court should defer action on claims properly within its jurisdiction until a state court with concurrent power has had an opportunity to consider the matter. *Rose v. Lundy*, 455 U.S. 509, 518-19 (1982).

Here, the Court finds Petitioner has failed to exhaust the state court remedies for his Indian Country claim. Therefore, as an alternative to Respondent's argument the entire habeas corpus petition is time barred, the petition must be dismissed because it contains an unexhausted claim. *See Rose v. Lundy*, 455 U.S. 509 (1982); *Harris v. Champion*, 48 F.3d 1127, 1131 (10th Cir. 1995).

**Certificate of Appealability**

The Court further finds Petitioner has not shown "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right

---

[4] The Court takes judicial notice of the public records of the Oklahoma State Courts Network at http://www.oscn.net. *See Pace v. Addison*, No. CIV-14-0750-HE, 2014 WL 5780744, at *1 n.1 (W.D. Okla. Nov. 5, 2014).

and that jurists of reason would find it debatable whether [this] court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). *See also* 28 U.S.C. § 2253(c). Therefore, Petitioner is denied a certificate of appealability. *See* Rule 11(a) of the Rules Governing Section 2254 Cases.

**ACCORDINGLY,** Respondent's motion to dismiss petition (Dkt. 7) is GRANTED, and this action is, in all respects, DISMISSED. In addition, Petitioner is DENIED a certificate of appealability.

**IT IS SO ORDERED** this 29th day of March, 2019.

James H. Payne
United States District Judge
Eastern District of Oklahoma